Third District—May Term, 1880.

## Oliver E. Dayton, Adm'r,

v.

## Joseph Dayton et al.

1. Mortgage—Interest of mortgagee.—In equity, a mortgagee has an interest in the mortgaged premises of a personal character, similar to the interest which he has in the debt secured. The debt is the principal thing, and the land the incident. The interest of the mortgagee is a mere chattel interest.

2. Interest of heir of mortgagee.—When by the death of the mortgagee the legal title in the mortgaged premises becomes separated from the ownership of the debt secured thereby, the heir of the mortgagee, to whom the legal title in the land descends, will be regarded in equity as the trustee for the administrator until the debt is paid, and will upon application be decreed to convey accordingly.

3. Heirs of mortgagee need not be joined with administrator in foreclosure.—The rule requiring the heirs of a deceased mortgagee to be joined with an administrator in proceedings to foreclose a mortgage, rested upon the ground that the heir was the only person who could re-convey the legal estate to the mortgagor. The statute having now provided that a mortgage may be released by an executor or an administrator of a deceased mortgagee, the reason of the rule no longer exists, and the heir is not a necessary party to proceedings by an administrator to foreclose a mortgage.

4. Misdescription of land—Correction.—The heir of a deceased mortgagee is not a necessary party in proceedings brought to correct a misdescription in the mortgage. The decree of the court may direct the administrator to execute a release of lands embraced in the mortgage by mistake.

(136)

Appeal from the Circuit Court of Coles county; the Hon. C. B. Smith, Judge, presiding.   Opinion filed September 17, 1880.

Messrs. Brown, Kirby & Russell, for appellant; that the note secured by the mortgage is personal property, and the administrator is the only person who can enforce its collection, cited Makepeace v. Moore, 5 Gilm. 474; Lewis v. Lyons, 13 Ill. 117; Dwight v. Newell, 15 Ill. 333; Walker v. Craig, 18 Ill. 116; Leamon v. McCubbin, 82 Ill. 263.

The mortgage is only an incident of the debt: Harris v. Mills, 28 Ill. 44; Herring v. Woodhull, 29 Ill. 92; Wayman v. Cochrane, 35 Ill. 152; Pollock v. Maison, 41 Ill. 516; Medley v. Elliott, 62 Ill. 532; Green v. Hart, 1 Johns. 580; Runyan v. Mercereau, 11 Johns. 234; Jackson v. Bronson, 19 Johns. 324; Jackson v. Myers, 11 Wend. 535; Hutchins v. King, 1 Wall. 53; Hawkins v. King, 2 Marsh, 108.

The note and mortgage are personal assets, and suit to foreclose must be brought by the administrator: Barnes v. Lee, 1 Bibb, 526; McArthur v. Franklin, 16 Ohio St. 206; Roath v. Smith, 5 Conn. 133; Toby v. Reed, 9 Conn. 216; Sheldon v. Sill, 8 How. 441; Freake v. Horsely, Freeman's Cas. in Ch. 180; Thornborough v. Baker, Freeman's Cas. in Ch. 142; Canning v. Hicks, 1 Vern. 412; Martin v. Mowlin, 2 Burr. 978.

The rule of law attaches at the mortgagee's death, and no subsequent act of the mortgagor can change the character of the property: Smith v. Dyer, 16 Mass. 17; Dewey v. Van Deusen, 4 Pick. 19; Shelton v. Atkins, 22 Pick. 71; Johnson v. Hart, 3 Johns. Cas. 329; Redfield on Wills, 129; 1 Hilliard on Mortgages, 280; 1 Washburn on Real Property, 652; 1 Jones on Mortgages, § 700.

A court of equity has original jurisdiction of the foreclosure and redemption of mortgages: 4 Kent's Com. 148; 2 Story's Eq. § 1005; Penniman v. Hollis, 13 Mass. 429; State Bank v. Wilson, 4 Gilm. 57; Rev. Stat. 1877, Chap. 95, §13; Chap. 77, § 16; Chap. 86, § 22.

When chancery has obtained jurisdiction it will retain it for the purpose of granting full relief : Isheem v. Gilbert, 3 Conn. 166; Armstrong v. Gilchrist, 2 Johns. Cas. 424; King v. Baldwin, 17 Johns. 384; Aldrich v. Sharp, 3 Scam. 262; Morgan

v. Roberts, 38 Ill. 65; City of Peoria v. Johnston, 56 Ill. 45.

The mortgagee has no title subject to execution: King v. Cushman, 41 Ill. 31; Blanchard v. Colburn, 16 Mass. 345; Huntington v. Smith, 4 Conn. 235; Eaton v. Whiting, 3 Pick. 484; Jackson v. Willard, 4 Johns. 40.

A mortgage after condition broken is not such an outstanding title as a stranger can take advantage of in ejectment: Hall v. Lance, 25 Ill. 277; Emory v. Keighan, 88 Ill. 482.

A mortgage is not such a transfer of title as will come within a clause of an insurance policy prohibiting a transfer of title: Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164; Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Com. Ins. Co. v. Spankneble, 52 Ill. 53.

A mortgagee cannot convey his interest without an assignment of the debt: Aymar v. Bill, 5 Johns. Ch. 570; Jackson v. Bronson, 19 Johns. 325; Wilson v. Troup, 2 Cow. 231; Delano v. Bennet, 90 Ill. 533.

The widow of the mortgagor is dowable out of the mortgaged premises: Collins v. Torry, 7 Johns. 277; Titus v. Nelson, 5 Johns. Ch. 452; Hitchcock v. Harrington, 6 Johns. 290.

Mr. JAMES A. CONNOLLY, for appellees; that an administrator cannot reform deeds or change the status of the title as it stood at the death of the decedent, cited Smith v. McConnell, 17 Ill. 135; Gridley v. Watson, 53 Ill. 186; Shoemate v. Lockridge, 53 Ill. 503; Phelps v. Funkhouser, 39 Ill. 401; Beebe v. Saulter, 89 Ill. 521; LeMoyne v. Quimby, 70 Ill. 399.

Upon the death of the mortgagee the legal title descended to the heirs: Walbridge v. Day, 31 Ill. 379; Oldham v. Pfleger, 84 Ill. 103; 8 Mass. Supp'lt, 553; 1 Williams on Executors, 472.

The heir is a necessary party in foreclosure: Story's Eq. Pl. § 200.

McCULLOCH, P. J.   This was a bill in chancery, to which a demurrer was sustained in the circuit court, for want of proper parties.

This action of the court is now assigned for error. The substantial averments of the bill are, that on the 27th day of August, 1868, Joseph Dayton being indebted unto Mary D. Dayton, in the sum of $3,500, gave her a note for that amount,

payable one year after date, with interest at ten per cent., and to secure the payment thereof, executed to her his mortgage, whereby he intended to mortgage a part of lot twenty-five, in block three, in the original town of Charleston, commencing thirty-eight and one-fourth feet west of the *southeast* corner of said lot, thence describing it by metes and bounds, but by mistake of the scrivener, who was employed to draft said mortgage, the word *southwest* was used instead of the word southeast; that the real estate first above described was purchased by said Joseph Dayton, February 1st, 1864, and conveyed to him by a proper description by deed duly recorded; that immediately thereafter he took possession of the same and erected a two story brick building thereon, which he occupied as his place of business from that time until the year 1876, and since then has been in uninterrupted possession thereof by his tenants; that neither at the date of said mortgage, nor at any other time, before or since then, has he ever owned or occupied any other part of said lot except the parcel first described, and that said mortgage was executed and delivered by said Joseph Dayton, and accepted by said Mary D. Dayton, as a mortgage upon the same parcel of said lot; that default has been made in the payment of said note and the amount of the principal thereof, with interest from January 17, 1873, is still unpaid; that Mary D. Dayton died intestate November 30, 1876, and complainant was appointed administrator of her estate January 8, 1878. The bill prays process against said Joseph Dayton and divers other parties who are alleged to have acquired some interest in the property, as judgment creditors or otherwise, but subsequent to the execution of said mortgage, and with notice thereof; that the said mortgage be reformed and corrected so that the same may become and operate as a mortgage upon the property by its true description, and that the same be foreclosed. Several demurrers to the bill were interposed by the defendants, all setting up the same causes, namely: First. The heirs of said Mary D. Dayton, deceased, mortgagee, are necessary parties, and if she left none, the bill should so allege. Secondly. That the complainant, as administrator, is not entitled to the relief prayed for as to

the correction of the alleged mistake upon the facts shown in the bill.

The court sustained the demurrer for want of proper parties, and dismissed the bill.

It is admitted by counsel for appellees that the law is well settled that the note secured by the mortgage in question is personal property, which went to the administrator, and that he is the proper party to foreclose the mortgage or enforce the payment of the note by suit at law. But it is argued that the legal title in fee simple was in Mary D. Dayton as soon as the condition of the mortgage deed was broken, and she might then have recovered possession of the premises in ejectment; that for more than six years before her death she was the holder of the legal title to the mortgaged premises, in trust, of course, for the mortgagor, but still she held the legal title; that on her death that legal title descended, under the same trust, of course, to her heirs, and is vested in her heirs to-day; that the heirs could succeed in an action of ejectment, and this being true, even if the mortgage needed no reformation it could not be foreclosed without bringing them into court; and, *a fortiori*, the same rule ought to prevail when, in addition to foreclosure, the complainant seeks to reform the mortgage itself.

The nature of a mortgagee's interest in the estate mortgaged is too well settled in this State to require an extended citation of authorities. In Medley v. Elliott, 62 Ill. 533, it is thus stated: " It is the settled law, ·that in equity a mortgagee has an interest in the premises mortgaged of a personal character, similar to the interest which he has in the debt secured. The debt is the principal thing, and the land the incident. The mortgage is only a charge upon the land, and the interest of the mortgagee is a mere chattel interest. Martin v. Mowlin, 2 Burr. 969. Pollock v. Maison, 41 Ill. 561; Runngan v. Mersereau, 11 Johns. 534; Hughes v. Edwards, 9 Wheaton, 489; Eaton v. Whitings, 3 Pick. 484; Wilson v. Troup, 2 Cow. 195. Chancellor Kent said, in Jackson v. Willard, 4 Johns, 40: " Until foreclosure, or at least until possession taken, the mortgage remains in the light of a chose in action. It is but an incident attached to the debt, and in reason and propriety, it

Dayton v. Dayton.

cannot and ought not to be detached from its principal. The mortgage interest, as distinct from the debt, is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor, who holds the bond." So, when by the death of the mortgagee the legal title in the mortgaged premises becomes separated from the ownership of the debt secured thereby, " the mortgagee's heir or devisee, to whom the legal title in the mortgaged land descends or passes, will consequently be regarded in equity, as the trustee for the executor or administrator of the mortgagee, and will upon application be decreed to convey accordingly." 1 Lomax on Exrs. 395 [224]. For this reason it has been held that " if the mortgage be in fee, the heir also of the mortgagee is a necessary party, (either as plaintiff or defendant), for he is the owner of the legal title; although but a trustee for the personal representative, and if the mortgage is redeemed, he alone is competent to re-convey." Story's Eq. Pl. § 200.

It is also said " the heir and executor or administrator cannot, at law, unite in one suit their respective claims, although arising out of the same transaction. But in a court of equity both may be united, if the object is to compel a payment of the debt, or a foreclosure of the mortgage. Nay, although the executor or administrator is deemed in equity the sole party entitled to the debt, and therefore entitled also to sue upon the mortgage for a foreclosure, yet he may not sue alone, but he will be compelled to join the heir, either as co-plaintiff or co-defendant; because the mortgagor is entitled, upon the payment of the debt, to have a re-conveyance of the estate; and this can be made only by the heir in whom the estate is then vested. In short, the heir is treated as a trustee of the executor or administrator until the debt is paid, and when it is paid, he is treated as a trustee of the mortgagor; and therefore to avoid circuity of action and multiplicity of suits, equity requires both to be joined in the same suit in order that complete justice may be done *uno flatu.*" Story's Eq. Pl. § 74, *a.* From these quotations it sufficiently appears that the heir of the mortgagee is but a naked trustee, without any interest what-

ever; and the only reason why he should be made a party is a purely technical one, resting upon the fact that he is the only one who can re-convey the legal estate to the mortgagor upon payment of the debt; and Mr. Redfield, in his edition of Story's Eq. Pleading, has made this addition to the passage first above quoted: "Some of the early cases cited here by the learned author seem to require that the heir be joined in a bill to foreclose a mortgage brought by the executor; but we apprehend that since the mortgage has come to be regarded as merely pure personalty, no such thing can be necessary." Story's Eq. Pl. 8th Ed. § 200; see, also, 2 Jones on Mortgages, § 1559.

But we are of opinion that if any necessity has ever existed for making the heir of the mortgagee a party to a bill of foreclosure, brought by his executor or administrator, that necessity has been completely done away with by our statutes. It cannot be claimed that the heirs of the mortgagee had any estate, either legal or equitable, in the mortgaged lands until the death of the mortgagee, November 30th, 1876. At that time the statute provided (R. S. 1874, ch. 95, § 9), "a mortgage or trust deed of real or personal property may be released by an instrument in writing, executed by the mortgagee, trustee, or his executor, administrator, heirs or assignee of record, and such instrument may be acknowledged or proved in the same manner as deeds for the conveyance of land. "

Prior to the revision of 1874, divers statutes had been enacted bearing upon the same subject, such as releasing on the margin of the record or by deed (Gross' Stat. 1869, p. 92, §§ 51–52), release by executor or administrator of deceased trustee (Id. § 54), release by executor or administrator of mortgagee where there were minor heirs (Id. 824, § 109), but the section first quoted is full and comprehensive in its terms and wholly dispenses with any release or re-conveyance by the heir of the mortgagee; and by the next section a penalty is provided in case of his failure to make the release upon proper demand. We are, therefore, of the opinion that the court of chancery has as ample power to compel a release of the mortgage to all intents and purposes, where the heir of the mortgagee is not

made a party to the bill as if he were such a party. And should the court decree a reformation of the mortgage, the administrator can be required to execute a release of lands embraced in the mortgage by mistake, if any there should be. As the heir is wholly disinterested in the subject-matter of the mortgage, and there being no necessity for making him a party for the purpose of obtaining a release, we are of the opinion the circuit court erred in sustaining the demurrer to the bill. The decree is therefore reversed and remanded for further proceedings.

Reversed and remanded.